UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES F. GILBERT,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and TRANS UNION LLC,

    Defendants.

Case No. 1:21-cv-03453

## COMPLAINT

**NOW COMES** CHARLES F. GILBERT ("Plaintiff"), by and through his undersigned counsel, complaining of Nationstar Mortgage LLC d/b/a Mr. Cooper and Trans Union LLC (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*.

2. Congress passed the FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

### JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

### PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Deerfield, Illinois.

6. NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER ("Mr. Cooper") is a Delaware limited liability corporation with its principal place of business located in Texas.

7. Mr. Cooper is a prominent banking institution that provides consumers with various banking services, including mortgage financing.

8. Mr. Cooper is a furnisher of information to the major credit reporting agencies, including Trans Union LLC.

9. Trans Union LLC ("Trans Union") is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois.

10. Trans Union is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. Trans Union regularly does business in Illinois.

## FACTUAL ALLEGATIONS

12. On or around September 6, 2005, Plaintiff obtained a mortgage loan from Mr. Cooper in the amount of $632,000 ("subject account") secured by a residential home in Deerfield, Illinois.

13. On October 27, 2020, Plaintiff made the final payment to Mr. Cooper on the subject account.

14. In fact, Plaintiff received a letter from Mr. Cooper dated March 23, 2021, acknowledging Plaintiff's final payment on the subject account.

15. In or around late March 2021, Plaintiff discovered that the subject account was reporting inaccurately on his Trans Union credit report.

16. Specifically, Trans Union was reporting that the subject account was still open with a balance of $409,630.

17. On April 1, 2021, after discovering the inaccurate reporting of the subject account, Plaintiff disputed the reporting of the subject account with Trans Union.

18. Plaintiff's disputes to Defendants stated, in pertinent part:

> Nationstar/Mr. Cooper is reporting inaccurate information. I ask that you investigate the above account and contact Nationstar/Mr. Cooper directly to update the inaccurate information that is currently being reported. Please note that this account has been paid in full and closed. I ask that you inform me if you should choose not to forward my letters to Nationstar/Mr. Cooper, as I will then take further action to protect myself.

19. Along with this dispute, Plaintiff enclosed the letter from Nationstar/Mr. Cooper confirming that the last payment was made on the account.

## Trans Union's Post-Dispute Reporting

20. Trans Union did not respond to Plaintiff's dispute.

21. On June 15, 2021, Plaintiff obtained his Trans Union credit report.

22. Plaintiff's Trans Union report revealed that Trans Union failed to correct the disputed information.

23. Specifically, the subject account was still reporting as open with an account balance of $409,630.

24. Notably, Trans Union had not updated the information on this trade line since September 30, 2019.

## Defendants' Current Credit Reporting

25. Until this day, all of the disputed information remains on Plaintiff's Trans Union credit report.

26. Specifically, Defendants are still reporting the subject as open with an account balance of $409,630.

## DAMAGES

27. Plaintiff has always maintained good credit and the inaccurate information contained in his credit files has significantly damaged Plaintiff.

28. Specifically, as a result of Defendants' conduct, Plaintiff's currently has two mortgages reporting on his credit report.

29. As a result of Defendants' conduct, Plaintiff may be deprived of credit that he otherwise would have been able to obtain and retain.

30. Defendants' reckless indifference relating to the inaccurate reporting of the subject account has frustrated Plaintiff's ability to control his credit score and his ability to benefit from the great credit history he has built over the years.

31. The inaccurate reporting of the subject account had significant adverse effects on Plaintiff's credit rating and his ability to obtain credit because it created a false impression that Plaintiff has a very large open balance with Mr. Cooper in addition to his current mortgage, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

32. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically: out-of-pocket expenses associated with sending disputes, the loss of credit opportunity, countless time expended submitting disputes, time expended monitoring his credit files, mental anguish, and emotional distress.

33. Due to Defendants' refusal to correct the reporting of the subject account, Plaintiff was forced to retain counsel and file this case, thus incurring attorney's fees and costs.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Mr. Cooper)

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

36. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

37. Mr. Cooper is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

38. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

39. Mr. Cooper violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Trans Union and Plaintiff.

40. Mr. Cooper violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely the letter from Mr. Cooper showing proof of final payment, provided by Trans Union and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

41. Had Mr. Cooper reviewed the information provided by Trans Union and Plaintiff, it would have corrected the inaccurate reporting of the subject account and transmitted the correct information to Trans Union. Instead, Mr. Cooper wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

42. Mr. Cooper violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with Trans Union.

43. Mr. Cooper violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Trans Union after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the subject account.

44. Mr. Cooper violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing in Plaintiff's Trans Union credit report.

45. Mr. Cooper failed to conduct a reasonable investigation of its reporting of the subject account or update the inaccurate information from Plaintiff's Trans Union credit report within 30 days of receiving notice of Plaintiff's dispute from Trans Union under 15 U.S.C. §1681i(a)(1).

46. Despite the blatantly obvious errors in Plaintiff's Trans Union credit report, and Plaintiff's efforts to correct the errors, Mr. Cooper did not correct the errors or the trade line to report accurately. Instead, Mr. Cooper wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

47. A reasonable investigation by Mr. Cooper would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains on Plaintiff's Trans Union credit report.

48. Had Mr. Cooper taken adequate steps to investigate Plaintiff's valid disputes or Trans Union's requests for investigation, it would have permanently corrected the erroneous and materially misleading information regarding the subject account. Plaintiff provided all relevant information to support his valid disputes in his requests for investigation.

49. By deviating from the standards established by the credit industry and the FCRA, Mr. Cooper acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Trans Union.

**WHEREFORE,** Plaintiff CHARLES F. GILBERT respectfully prays this Honorable Court for the following relief:
   a. Finding that the practices complained of herein are unlawful and violate the FCRA;
   b. Ordering Mr. Cooper to correct all of the inaccurate information from Plaintiff's Trans Union credit report;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANS UNION)

50. Plaintiff restates and realleges all paragraphs as fully set forth herein.

51. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

52. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

53. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

54. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

55. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

56. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

57. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free

of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

58. Plaintiff provided Trans Union with all relevant information and documentation in his dispute to support his contention that that the subject account was reporting inaccurately.

59. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Trans Union was erroneously reporting the subject account as open with a balance of $409,630.

60. Trans Union failed to conduct any meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Mr. Cooper.

61. Trans Union violated 15 U.S.C. §1681i(a)(1)(A) by failing to respond to Plaintiff's dispute within 30 days of receiving Plaintiff's dispute.

62. Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Trans Union prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

63. Trans Union failed to follow reasonable procedures to assure maximum possible accuracy by reporting subject account inaccurately.

64. Trans Union should have implemented procedures and safeguards to avoid the inaccurate reporting of the subject account.

65. Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

66. Had Trans Union taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject account was erroneously reporting as open with a balance of $409,630.

67. Upon information and belief, Trans Union took no steps to determine whether the information Mr. Cooper was reporting was accurate and reliable. Instead, Trans Union blindly reported any information that Mr. Cooper was reporting with no regard to its accuracy.

68. At very minimum, Trans Union should have requested that Mr. Cooper provide proof that its reporting was accurate. Instead, Trans Union continued to recklessly report false and unreliable information regarding the subject account.

69. Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Mr. Cooper. Upon information and belief, Trans Union also failed to include all relevant information as part of the notice to Mr. Cooper regarding Plaintiff's dispute that Trans Union received from Plaintiff.

70. Trans Union violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding the subject account.

71. Trans Union violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

72. Trans Union violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Trans Union is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

73. Trans Union knew that the inaccurate reporting of the subject account as open and with a balance of $409,630 would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

74. The FCRA requires that credit reporting agencies implement procedures and systems to promote accurate credit reporting.

75. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Trans Union readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

76. By deviating from the standards established by the credit reporting industry and the FCRA, Trans Union acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

77. It is Trans Union's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

78. Trans Union's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

79. Trans Union has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

80. As stated above, Plaintiff was significantly harmed by Trans Union's conduct.

**WHEREFORE,** Plaintiff CHARLES F. GILBERT respectfully prays this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;

b. Ordering Trans Union to correct all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 28, 2021                                             Respectfully Submitted,

/s/ *Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com